```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

 JEPHTHE TURENNE, on behalf of himself
 and all others similarly situated,
                                              MEMORANDUM & ORDER
                    Plaintiff,                23-CV-3651 (EK)(JAM)


              -against-


 WIRELESS VISION HOLDINGS, LLC,

                    Defendant.

-------------------------------------x
```
ERIC KOMITEE, United States District Judge:

        Plaintiff Jephthe Turenne brings this putative class action under the New York Labor Law against his former employer, Wireless Vision Holdings, LLC ("WVH"). WVH operates T-Mobile retail stores across New York State, including the Brooklyn locations where Turenne was employed. Turenne asserts claims for failure to pay timely wages, failure to provide wage notices, and failure to reimburse his uniform maintenance costs. As discussed below, the Court has jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d).

        WVH moves to dismiss Turenne's pay-frequency and wage-notice claims. It argues that Turenne lacks Article III standing and a right of action to bring the former claim, and that the latter claim is untimely. For the following reasons, that motion is granted in part and denied in part.

## I. Background

The following facts are drawn from the plaintiff's complaint, and are presumed true for the purposes of this order. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

WVH operates T-Mobile retail stores in New York State. Compl. ¶ 17, ECF No. 1. Turenne worked at WVH's Flatbush and Bedford-Stuyvesant locations from February 2016 until November 2018. Compl. ¶ 23. He worked between five and six days each week, "often" for more than forty hours per week. *Id.* ¶ 24. In addition to customer-service duties, Turenne spent more than twenty-five percent of his time on physical tasks like cleaning the store, receiving deliveries, unboxing and stocking merchandise, and shoveling snow off the sidewalk in the winter months. *Id.* at ¶¶ 24-25

Turenne was paid "at or near minimum wage" on a bi-weekly basis during his employment. *Id.* ¶¶ 26-27. But WVH paid him late on "more than one occasion." *Id.* ¶ 44. Turenne also alleges that WVH "failed to supply [him] with wage notices" required under Section 195 of the New York Labor Law. *Id.* ¶ 66. He brings his claims on behalf of himself and a putative class of "[a]ll exempt, hourly employees of Defendant in the State of New York between the date six years preceding the filing of this complaint and the date a class is certified in this action." *Id.* ¶ 48. He seeks over $5,000,000 in damages. *Id.* ¶ 12.

## II. Legal Standard

At the pleading stage, plaintiffs must allege "facts that affirmatively and plausibly suggest that [they] have standing to sue." *Carter v. HealtPort Techs., LLC*, 822 F.3d 47, 56 (2d Cir. 2016).[1] Where "standing is challenged on the basis of the pleadings, [the court must] accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party." *W.R. Huff Asset Mgmt. Co., LLC v. Deloitte & Touche LLP*, 549 F.3d 100, 106 (2d Cir. 2008).

On a motion to dismiss for failure to state a claim, "the court's task is to assess the legal feasibility of the complaint." *Lynch v. City of New York*, 952 F.3d 67, 75 (2d Cir. 2020). In doing so, the court "must take the facts alleged in the complaint as true, drawing all reasonable inferences in [the plaintiff's] favor." *In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 91 (2d Cir. 2007). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Courts "are not bound to accept as true a legal conclusion couched as a factual allegation," and "[t]hreadbare recitals of the elements

---

[1] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

3

of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

### III. Discussion

WVH argues that Turenne's pay-frequency claim under Section 191 of the New York Labor Law should be dismissed for two reasons: first, because he lacks Article III standing to bring it; and second, because Section 191 does not provide a private right of action. Def.'s Br. in Supp. of Mot. to Dismiss ("Def. Mot.") 13, 17, ECF No. 19. WVH also argues that Turenne's wage-notice claim is untimely. *Id.* at 20.

**A. Subject-Matter Jurisdiction under CAFA**

Apart from its standing arguments, WVH has not challenged the Court's subject-matter jurisdiction. Nevertheless, the Court must analyze its jurisdiction *sua sponte*. *E.g.*, *FW / PBS Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990). Having done so, the Court concludes it has jurisdiction over this action under the Class Action Fairness Act ("CAFA").

CAFA jurisdiction is appropriate if (1) the putative class has at least 100 members, (2) "at least one class member is diverse from at least one defendant," and (3) the aggregate amount-in-controversy exceeds $5 million. 2 *Newberg & Rubenstein on Class Actions* § 6:14 (6th ed.); *see* 28 U.S.C. § 1332(d). Here, Turenne alleges that there are more than 400

4

putative class members, and that the aggregate amount-in-controversy exceeds $5 million.[2]  Compl. ¶¶ 12, 50.  Furthermore, minimal diversity exists because Turenne is a citizen of New York, *id.* ¶ 13, while WVH is an LLC formed under Delaware law and headquartered in Michigan.  Id. ¶¶ 3, 5; *see* 28 U.S.C. § 1332(d)(10) ("[A]n unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized."); *Windward Bora LLC v. Browne*, 110 F.4th 120, 127 (2d Cir. 2024) (an LLC is an unincorporated association for diversity purposes).

Thus, at least at this stage, Turenne has sufficiently pleaded facts establishing the Court's jurisdiction.

**B.   Turenne's Pay-Frequency Claim**

New York employers must pay "manual workers" weekly and "not later than seven calendar days after the end of the week in which the wages are earned."  N.Y. Lab. Law § 191(1)(a).  WVH does not dispute that, because Turenne alleges that he spent more than twenty-five percent of his time on physical tasks such as cleaning the store, he is plausibly a "manual worker" under

---

[2] WVH has not disputed Turenne's allegations as to the amount-in-controversy, so the Court presumes their sufficiency at this stage.  *See Summerville v. Gotham Comedy Found., Inc.*, 765 F. Supp. 3d 293, 302 (S.D.N.Y. 2025) (when complaint invokes CAFA, "an allegation that the amount in controversy exceeds $5 million creates a presumption that the amount in controversy requirement is met").

New York law.  *See* N.Y. Dep't of Labor Op. Ltr., No. RO-09-0066 (May 21, 2009); *Rankine v. Levi Strauss & Co.*, 674 F. Supp. 3d 57, 67 (S.D.N.Y. 2023).  Instead, they argue that he cannot bring a pay-frequency claim because he lacks standing and / or the right of action necessary to do so.

1. Article III Standing

WVH argues that because Turenne eventually received payment in full, he lacks Article III standing to sue for delayed wages.  Def. Mot. 13.  To allege standing, a plaintiff must plead, among other things, that they "suffered an injury in fact."  *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). "Any monetary loss suffered by the plaintiff satisfies this element; even a small financial loss suffices."  *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 55 (2d Cir. 2016).

WVH's argument lacks merit.  "[T]he late payment of wages is a concrete harm" that constitutes an injury-in-fact under Article III.  *Caul v. Petco Animal Supplies, Inc.*, No. 20-CV-3534 (RPK), 2021 WL 4407856, at *4 (E.D.N.Y. Sept. 27, 2021), *accord Rankine*, 674 F. Supp. 3d at 63.  It is a "basic princip[le] of economics and accounting that a dollar today is worth more than a dollar tomorrow."  *Porsch v. LLR, Inc.*, 380 F. Supp. 3d 418, 424 (S.D.N.Y. 2019) (quoting *Atlantic Mut. Ins. Co. v. Comm'nr*, 523 U.S. 382, 383 (1998)).  Thus, by temporarily depriving Turenne of his wages, WVH plausibly deprived him of

6

the time value of those wages. *Id.; see also Habitat Educ. Ctr. v. U.S. Forest Serv.*, 607 F.3d 453, 457 (7th Cir. 2010). That minimal monetary injury is sufficient to allege Article III standing. *Carter*, 822 F.3d at 55.

2. Private Right of Action

WVH next argues that Section 191 only provides a private right of action for wage "underpayments," rather than wage payment delays. Def. Mot. 17. This argument is also unavailing, for similar reasons.

The New York Court of Appeals has yet to opine on the scope of Section 191's right of action. "Absent a clear directive from a state's highest court, federal authorities must apply what they find to be the state law after giving proper regard to the relevant rulings of other courts of the State." *Chufen Chen v. Dunkin' Brands, Inc.*, 954 F.3d 492, 497 (2d Cir. 2020). In doing so, federal courts are "bound to apply the law as interpreted by a state's intermediate appellate courts unless there is persuasive evidence that the state's highest court would reach a different conclusion." *V.S. v. Muhammad*, 595 F.3d 426, 432 (2d Cir. 2010). "When there is a split between [New York] appellate departments," the task remains the same — to "determine how the New York Court of Appeals would decide the issue." *Pacho v. Enterprise Rent-A-Car Co.*, 572 F. Supp. 2d 341, 346 (S.D.N.Y. 2008).

Section 198(1-a) of the New York Labor Law provides that "[i]n any action instituted in the courts upon a wage claim by an employee . . . in which the employee prevails, the court shall allow such employee to recover the full amount of any underpayment." N.Y. Lab. Law § 198(1-a) (emphasis added). In *Vega v. CM & Associates Construction Management, LLC*, the First Department held that Section 198(1-a) "expressly provides a private right of action for a violation of Labor Law Section 191," and that regardless, such a right "may be implied." 175 A.D.3d 1144, 1146 (1st Dep't 2019). It reasoned that "the term underpayment encompasses the instances where an employer violates the frequency requirements" of Section 191(1) even where it "pays all wages due," because "underpay is defined as 'to pay less than what is normal or required.'" *Id.* at 1145. "The moment that an employer fails to pay wages in compliance with [S]ection 191(1)(a), the employer pays less than what is required." *Id.*

Since *Vega*, district courts in this circuit have adopted its reasoning. *See Caul*, 2021 WL 4407856, at *4 (collecting cases). In 2024, however, the Second Department upset that equilibrium by declining to follow *Vega*. *Grant v. Glob. Aircraft Dispatch, Inc.*, 223 A.D.3d 712, 715 (2d Dep't 2024). The *Grant* court reasoned instead that the "plain language of [Section] 198(1-a) supports the conclusion that this

8

statute is addressed to nonpayment and underpayment of wages, as distinct from the frequency of payment." *Id.* Since the *Grant-Vega* split, district courts in this circuit have overwhelmingly sided with *Vega*. *Compare Covington v. Childtime Childcare, Inc.*, No. 23-CV-710, 2024 WL 2923702, at *4 (N.D.N.Y. June 10, 2024) (agreeing with *Vega* and collecting similar cases), *with Galante v. Watermark Servs. IV, LLC*, No. 23-CV-6227, 2024 WL 989704, at *7 (W.D.N.Y. Mar. 7, 2024) (agreeing with *Grant*).

*Vega* remains persuasive. *Grant* holds that Section 198(1-a)'s lack of explicit reference to "frequency of payment" means it provides no private right of action for late payments. 223 A.D.3d at 715. But there is little principled distinction between a payment that is too little and one that is too late. Because of the time-value of money, "an employee is underpaid within the meaning of Section 198 each time her employer is required, under Section 191, to pay her for one week of wages and instead pays her nothing on that date." *Zachary v. BG Retail, LLC*, 716 F. Supp. 3d 339, 350 (S.D.N.Y. 2024). The payment, when the employee eventually receives it, is worth less than it would have been worth had the employee been paid on time. So, an employee that has been paid late has *necessarily been underpaid*.

The Court is therefore persuaded that the New York Court of Appeals would agree with *Vega* that late payments in

9

violation of Section 191 are underpayments within the meaning of Section 198, and that those late payments are therefore privately actionable.[3]

**C.   Turenne's Wage-Notice Claim**

Turenne also asserts that WVH "willfully failed to supply [him] the [the] wage notices . . . required by" New York Labor Law Section 195(1).  Compl. ¶¶ 65-67.  That Section requires an employer to "provide his or her employees . . . at the time of hiring, a notice containing" information including their rate of pay, any allowances, the name of the employer, the telephone number of the employer, and any "other information as the commissioner deems material and necessary."  N.Y. Lab. Law § 195(1).  Turenne alleges that he never received any such notice and seeks "statutory penalties of fifty dollars [for] each day" that WVH failed to provide wage notices, up to $5,000.  *Id.* ¶ 68.

---

[3] The Court is also persuaded that Section 198 implies a right of action for late payments.  *See Zachary*, 716 F. Supp. 3d at 347.  The Court of Appeals will find an implied right of action when (i) "the plaintiff is one of the class for whose particular benefit the statute was enacted"; (ii) "recognition of a private right of action would promote the legislative purpose"; and (iii) creation of such a right would be consistent with the legislative scheme."  *Konkur v. Utica Acad. of Sci. Charter Sch.*, 185 N.E.3d 483, 485 (N.Y. 2022).  The NYLL was enacted "to protect workers who are generally dependent upon their wages for sustenance."  *Vega*, 175 A.D.3d at 1146.  Allowing those same workers to bring suits to protect their rights is consistent with the overall legislative scheme, which "explicitly provides that individuals may bring suit against an employer for violations of the labor laws, even if the Commissioner chooses not to do so."  *Id.* at 1146-47.

Turenne has not plausibly alleged Article III standing to bring this claim. When a law authorizes statutory damages for an "informational injury," a plaintiff must identify "downstream consequences from failing to receive the required information" to allege Article III standing. *TransUnion LLC v. Ramirez*, 594 U.S. 413, 442 (2021). Here, Turenne alleges an informational injury — that he did not receive wage notices. Compl. ¶ 68. He alleges no "downstream" injury that resulted from this non-receipt, and seeks only statutory damages. *TransUnion*, 594 U.S. at 442. An "informational injury that causes no adverse effects cannot satisfy Article III." *Id.* Indeed, district courts in this circuit have consistently dismissed similar claims on standing grounds. *See, e.g.*, *Neor v. Acacia Network, Inc.*, No. 22-CV-4814, 2023 WL 1797267, at *4 (S.D.N.Y. Feb. 7, 2023) (plaintiffs lacked standing "because they fail[ed] to demonstrate how the lack of accurate wage notices and statements led to either a tangible injury or something akin to a traditional cause of action"); *Sevilla v. House of Salads One LLC*, No. 20-CV-6072, 2022 WL 954740, at *7 (E.D.N.Y. Mar. 30, 2022) (same).

In sum, Turenne lacks standing to bring his wage-notice claim, and that claim is accordingly dismissed without prejudice.[4]

### IV. Conclusion

For these reasons, the defendant's motion to dismiss is granted as to Turenne's wage-notice claim and denied as to his pay-frequency claim. The parties are referred to Judge Marutollo for pretrial supervision.

SO ORDERED.

/s/ Eric Komitee
ERIC KOMITEE
United States District Judge

Dated:   September 25, 2025
         Brooklyn, New York

---

[4] As WVH notes — and as Turenne does not contest — this claim is also time-barred. Def. Mot. 20. The relevant statute of limitations is six years, N.Y. Lab. Law §§ 198(3), and Section 195(1) violations occur "at the time of hiring." Id. § 195(1)(a); see Pest v. Bridal Works of N.Y., Inc., 268 F. Supp. 3d 413, 434 (E.D.N.Y. 2017). Turenne was initially hired in February 2016, Compl. ¶ 23, and he filed this action on May 16, 2023. See generally Compl. Because this gap is more than six years, his wage-notice claim is time-barred.

12